United States District Court
Middle District of Florida
Jacksonville Division

**CURTIS L. THOMAS,**

    Plaintiff,

v.                                          **NO. 3:25-CV-400-MMH-LLL**

**STATE OF FLORIDA, AND
DUVAL COUNTY COURT,**

    Defendants.

___

### Report and Recommendation

Before the Court is plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 2, which I construe as a motion to proceed in forma pauperis. For the reasons discussed below, I respectfully recommend that plaintiff's motion be denied, he be directed to pay the requisite filing fee, and directed to file an amended complaint.[1]

When considering a request by a plaintiff to proceed as a pauper, the Court must undertake a two-step inquiry. First, the Court must determine whether the plaintiff has shown he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

___

[1] "The Eleventh Circuit has not indicated whether a magistrate judge's denial of pauper status is a non-dispositive or dispositive ruling. "Based on [a collection of authorities from other Circuits], the undersigned will treat this matter as a dispositive ruling and issue a Report and Recommendation." *Clancy v. Bartosh*, No. 6:19-cv-403-Orl-41GJK, 2019 WL 4248114, at *1 n.2 (M.D. Fla. Aug. 20, 2019), *report and recommendation adopted*, 2019 WL 4246694 (M.D. Fla. Sept. 6, 2019); *see also Jones v. St. Vincents Health Sys.*, No. 3:07-cv-177-J-32TEM, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007).

If the Court determines the plaintiff is unable to pay the fees, the Court must then determine whether the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). If the Court finds any of these factors apply, it "shall dismiss the case." *Id.* § 1915(e)(2).

In line with the authority above, I first review and evaluate plaintiff's financial condition. 28 U.S.C. § 1915(a)(1). The Eleventh Circuit has held that when considering a motion for leave to file in forma pauperis, "the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal citation omitted). Based upon the affidavit submitted by plaintiff regarding his financial status, I find he does not financially qualify to proceed in forma pauperis.

In his financial affidavit, plaintiff represents that he has earned $4,691 per month on average for the past twelve months and that his spouse has earned $1,995 for the same period; this comes out to an income of approximately $80,000 per year. Doc. 2 at 2. Plaintiff lists his assets as a home valued at $335,000; two cars; and a boat. *Id*. at 3. He specifies later in the affidavit that he and his wife have monthly expenses for mortgage, food, utilities, laundry/dry cleaning, life and boat insurance, totaling approximately $5.073 per month; this leaves plaintiff with approximately $1,500 per month after expenses. *Id.* at 4-5. Such financial standing does not appear to satisfy the

2

requirements for in forma pauperis status.² *See Jones v. Phillips*, No. 3:23-cv-323-TJC-MCR, 2023 WL 3309466, at *1 (M.D. Fla. Apr. 6, 2023), *report and recommendation adopted*, 2023 WL 3304262 (M.D. Fla. May 8, 2023)("Although Plaintiff's household's annual income … puts them above the poverty level and their monthly income exceeds their listed monthly expenses, Plaintiff is asking the taxpayers to fund her lawsuit. However, if the Court allows that in this case, 'practically every case will become eligible for *in forma pauperis* status depending upon [Plaintiff's] current cash flow status.'") (citation and internal footnote omitted).³ Thus, I respectfully recommend that plaintiff's motion to proceed in forma pauperis be denied.

In addition to denying the motion, I recommend that the Court direct plaintiff to file an amended complaint because the operative complaint is an impermissible shotgun pleading. *See Abel v. Porshe Cars N. Am., Inc.*, No. 6:24-cv-593-PGB-DCI, 2024 WL 4793326, at *1 (M.D. Fla. Oct. 4, 2024). Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) further requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a

---

² The 2025 poverty level for a household of two is $21,150. *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited June 12, 2025). Plaintiff indicates that his father, Curtis Thomas, Sr. relies on him for some level of support, although in what capacity is not clear. Doc. 2 at 3. The poverty level for a household of three is $26,650. *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited June 12, 2025).

³ The Court acknowledges and considers that "[u]npublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) (citation omitted).

single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10(b) also provides that "[i]f doing so *would promote clarity*, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.* (emphasis added). Rules 8 and 10:

> work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Fikes v. City of Daphne,* 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting *T.D.S. v. Shelby Mut. Ins. Co.,* 760 F.2d 1520, 1543 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland,* 792 F.3d at 1320. Shotgun pleadings are "altogether unacceptable," and "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). The Eleventh Circuit has opined that all shotgun pleadings share one unifying characteristic, "they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

There are four categories of shotgun pleadings: 1) a complaint which contains multiple counts where each count adopts the allegations of all preceding counts; 2) a complaint "guilty of the venial sin" of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; 3) a complaint which does not separate into a different count each cause of action or claim for relief; and 4) a complaint which asserts multiple claims against multiple defendants without specifying which defendants are responsible for which act or omission. *See id*. at 1321-23. The complaint here falls into the second, third, and fourth categories of shotgun pleadings. *See generally* doc. 1. As pled, the complaint lacks distinct causes of action and plaintiff does not specify which alleged actions by defendants apply to each cause of action. For example, under the single section "Claim," plaintiff alleges a general civil rights violation against "Duval County" for "issuing false orders" having to do with a state criminal case. Doc. 1 at 6. And in the single "relief" paragraph, plaintiff asks for his conviction to be vacated and for 100 million dollars. *Id.*

A pro se plaintiff must generally be given one chance to amend their complaint. *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations and citation omitted).[4] Plaintiff should note that an amended complaint will supersede his

---

[4] In preparing the amended complaint, I recommend plaintiff visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled "For Litigants," there is a section called "Litigants without Lawyers," which contains resources for pro se parties, including a "Guide for Proceeding Without a Lawyer." Plaintiff may obtain one free copy of the handbook by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

The Court also encourages plaintiff to consider consulting with a legal aid organization such as Jacksonville Area Legal Aid (JALA). Additionally, the Jacksonville Federal Court

original complaint and become the operative pleading. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Thus, any amended complaint must be complete and must include all claims he wishes to pursue, as well as all facts in support and relief sought, in a single submission. In his filing, plaintiff should also allege sufficient facts to support each claim he brings.

Thus, I **respectfully recommend** that the Court enter an order:

1. **Denying** plaintiff's motion to proceed in forma pauperis, doc. 2;

2. **Directing** that within 20 days of the Court's order, plaintiff pay the filing fee and file an amended complaint consistent with the applicable rules of law and directives above, or this case may be dismissed without prejudice.

**Entered** in Jacksonville, Florida on June 12, 2025.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
The Honorable Marcia Morales Howard, Chief United States District Judge
Curtis L. Thomas, Pro Se Plaintiff
    5648 Keaton Springs Dr.
    Lakeland, FL 33811

---

Bar Association operates a Legal Information Program in which pro se litigants may meet with a lawyer for free to ask general questions. Plaintiff may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts/gov/legal-information-program.

## Notice to the Parties

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.